UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD J. SILMON, *et al.*,

            Plaintiffs,

v.                                        **ORDER**
                                         10-CV-274S

CITY OF BUFFALO, NEW YORK, *et al.*,

            Defendants.

      1.      Presently before this Court is Plaintiffs' Motion to Compel Discovery. (Docket No. 18.) Plaintiffs request that this Court compel Defendants to make available complete employee personnel files of various defendants involved in this case. In particular, Plaintiffs seek internal affairs or professional misconduct files, and investigative reports, in hard copy or electronic format. Defendants resist this motion exclusively on the basis that the information sought is confidential pursuant to New York Civil Rights Law ("N.Y. Civ. Rights Law") § 50-a.

      2.      N.Y. Civ. Rights Law § 50-a provides that:

> All personnel records used to evaluate performance toward continued employment or promotion, under the control of any policy agency or department of the state or any political subdivision thereof including . . . such personnel records under the control of a sheriff's department . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . .

The only exception to this rule is a court order, issued after a judge reviews a request for such information and provides the parties an opportunity to respond. N.Y. Civ. Rights Law § 50-a(2). Even then, a court must first conduct an *in camera* review of the requested personnel files and only make available to the moving party those parts found relevant and material. N.Y. Civ. Rights Law § 50-a(3).

3. Defendants contend that § 50-a precludes disclosure in this case, absent *in camera* review. This contention is mistaken. This case having been removed to federal court, and Plaintiffs having brought a civil rights action pursuant to § 1983, this matter is subject to federal, not state, law. "It is undisputed that under federal law, New York Civil Rights Law § 50-a does not prohibit discovery of police personnel documents." Hill v. Curcione, No. 07CV357, 2012 WL 1114003, at *3 (W.D.N.Y. Mar. 30, 2012) (citing Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988)); Paulding v. City of Buffalo, No. 10CV712S, 2011 WL 5187953, at *3 (W.D.N.Y. Nov. 1, 2011) (noting that N.Y. Civ. Rights Law § 50-a "does not create a privilege recognized by federal courts").

4. Nevertheless, Courts have given varying degrees of deference to privilege claims under § 50-a in the context of excessive use of force claims. For example, in Hill the magistrate judge determined that it was "unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence" and directed defendants to produce only those documents relating to claims that had been substantiated. 2012 WL 1114003, at *3. By contrast, in Brown v. Lian, the same magistrate judge determined that the court needed to "balance plaintiff's need for the information against the public's interest in disclosure or nondisclosure," and conducted an *in camera* review of the personnel records. No. 10CV396A, 2011 WL 5330298, at *2 (W.D.N.Y. Nov. 4, 2011); see also Paulding, 2011 WL 5187953, at *3. In another case, review of the records was left to an appointed special master. Sharp v. Town of Greece, No. 09-CV-6452, 2011 WL 5330318, at *1-*2 (W.D.N.Y. Nov. 4, 2011).

5. Here, this Court is persuaded that, based on the dearth of pretrial motions, the parties' failure to complete discovery, and this Court's own determination that there

would be no extensions for discovery, the approach adopted by our sister courts in the Eastern District of New York is appropriate. Courts in that district have applied a two-prong test established in King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988). Pursuant to that test's first prong, "the police bear the burden of making a 'substantial threshold showing' that harm is likely to occur as a result of disclosure of the requested documents." Dorsett v. County of Nassau, 762 F. Supp. 2d 500, 532 (E.D.N.Y. 2011) (quoting Cody v. N.Y. State Div. of State Police, No. CV 07-3735(LDW)(ETB), 2008 WL 3252081, at *3 (E.D.N.Y. July 31, 2008)). This requires that a defendant, with particularity and "through competent declarations, show[] the court *what interests* [of law enforcement or privacy] would be harmed, *how* disclosure under a protective order would cause the harm, and *how much* harm there would be, [without which] the court cannot conduct a meaningful balancing analysis." King, 121 F.R.D. at 189 (quoting Kelly, 114 F.R.D. at 669) (emphasis and some alterations in original). Failure to make such a showing, results in court-ordered disclosure. Id.

6.      Only if the government makes the requisite showing, will a court proceed to the next prong and consider the factors in favor of, and against, disclosure. Factors in favor of disclosure include the relevancy of the records to the plaintiff's case, their relative importance, the strength of plaintiff's case, and the public's interest in disclosure. Cody, 2008 WL 3252081, at *3. By contrast, threats to police safety, invasion of an officer's privacy, weakening of law enforcement programs, chilling of internal investigative and citizen complainant candor, and the policies behind the state privacy law may all favor nondisclosure. King, 121 F.R.D. at 191-94 (discussing factors). In addressing these factors, parties must also consider the potential for a protective order restricting access

only to plaintiff or plaintiff's counsel to alleviate disclosure-related concerns. Id. at 190. Throughout this analysis, the burden remains on the party seeking to prevent disclosure. Id. at 191.

7.  Unsurprisingly, given the different approaches to resolving §50-a privilege claims, neither party has addressed these factors. Plaintiffs have, however, made themselves amenable to a protective order restricting access to the sought-after documents. Defendants, for their part, consent to this Court's *in camera* review. As discussed above, merely having the documents available for review is insufficient to determine whether disclosure in this case is appropriate. Accordingly, this Court will set a new briefing schedule and provide parties the opportunity to argue in favor of disclosure or nondisclosure pursuant to the two-pronged test laid out in King.

IT HEREBY IS ORDERED, that Defendants shall file a renewed opposition to Plaintiffs' motion, in accordance with the Order above, by noon on Monday, May 7, 2012. Plaintiffs' reply will be due by noon on Thursday, May 10, 2012.

FURTHER, that Defendants may provide any personnel records or related matter to this Court for *in camera* review in connection with their opposing memorandum.

FURTHER, the status conference set for May 11, 2012 at 9:00 a.m. will remain as scheduled. This Court will resolve Plaintiffs' motion at that time.

SO ORDERED.

Dated:   May 1, 2012
         Buffalo, New York

              /s/William M. Skretny
              WILLIAM M. SKRETNY
              Chief Judge
              United States District Court